UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) C.r. No. 08-141S ) |
| CARLOS ROBERTO RODAS | ) ) ) |

## ORDER

WILLIAM E. SMITH, United States District Judge.

In this drug-conspiracy case, Defendant Carlos Roberto Rodas moves to sever his trial from that of his co-defendants and to have a bench trial. For the reasons stated herein, the Court denies Defendant's motions.

The Supreme Court has noted that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Furthermore, severance "is especially disfavored" in conspiracy cases. United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010) (quoting United States v. Peña-Lora, 225 F.3d 17, 34 (1st Cir. 2000)). Therefore, severance is warranted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. (quoting Zafiro, 506 U.S. at 539) (internal quotation omitted).

1

Defendant first argues that severance is appropriate because his trial strategy is antagonistic to those of his co-defendants. Specifically, Defendant asserts that his defense at trial will be that his co-defendants were involved in a drug conspiracy, but that he was in the United States on legitimate business. During the hearing on the motion to sever, Defendant also raised the possibility that he would testify on his own behalf, which he said would in essence turn him into a witness for the government.

Severance is appropriate when "defenses are so irreconcilable as to involve fundamental disagreement over core and basic facts." United States v. Tejeda, 481 F.3d 44, 55 (1st Cir. 2007) (emphasis in original) (quoting Peña-Lora, 225 F.3d at 34). Furthermore, "[t]he tension between defenses must be so great that a jury would have to believe one defendant at the expense of the other." United States v. Smith, 46 F.3d 1223, 1230 (1st Cir. 1995) (quoting United States v. Yefsky, 994 F.2d 885, 897 (1st Cir. 1993)).

Here, the defenses, as far as Defendant has proffered them to be, are not fundamentally at odds with one another. The jury could very well believe that Defendant Rodas was in the United States on business, and that his co-defendants were similarly not guilty of the charged conspiracy. Defendant's statement during the hearing to the effect that he may testify on his own

2

behalf is similarly not sufficient to require severance. At this juncture, the Court does not believe that the defenses are so at odds with one another as to require severance. However, the Court is aware of its "continuing duty at all stages of the trial to grant a severance if prejudice [] appear[s]," United States v. Rose, 104 F.3d 1408, 1415-16 (1st Cir. 1997) (quoting Schaffer v. United States, 362 U.S. 511, 516 (1960)), and will sever the trials if such prejudice becomes apparent.

Defendant next asserts that he is entitled to severance because he believes his co-defendant, Ervin Figueroa, will offer exculpatory testimony on his behalf. In response to this argument, the Court suggested at a hearing that a dual jury may be appropriate to allow for the presentation of such exculpatory evidence. To that end, the Court directed Defendant to submit a supplemental memorandum on the issue of empanelling dual juries and an affidavit specifying what testimony could be expected from the co-defendant. The Court also directed responsive briefing by the other defendants and the government.

Although Defendant did file a memorandum on the issue, he failed to submit the requested affidavit. In addition, the Court has since received a letter from the government indicating that Defendant Ervin Figueroa's counsel authorized it to communicate to the Court that Figueroa will not be testifying on behalf of Rodas. In light of this information, it is clear to

3

the Court that Defendant has failed to plead sufficient facts or provide the Court with sufficient evidence to demonstrate that he is entitled to a separate trial for purposes of presenting co-defendant testimony. See United States v. Catalan-Roman, 585 F.3d 453, 461 (1st Cir. 2009) (setting forth the analysis a district court must employ in deciding a motion for severance on the purported need for co-defendant testimony) (citing United States v. Drougas, 748 F.2d 8, 19 (1st Cir. 1984)).

Defendant's final argument is that a severed trial is necessary to avoid prejudicial spillover evidence. In light of the nature of the case, this argument has no merit. As the First Circuit has stated, in a conspiracy case, "'virtually all the evidence relating to the other conspirators [is] also directly relevant to, and, therefore, independently admissible in, the prosecution's case against' the defendant requesting severance." United States v. Saunders, 553 F.3d 81, 85 (1st Cir. 2009) (quoting United States v. Flores-Rivera, 56 F.3d 319, 325-26 (1st Cir. 1995)). Further, "[w]here evidence featuring one defendant is independently admissible against a codefendant, the latter cannot convincingly complain of an improper spillover effect." Saunders, 553 F.3d at 85 (quoting United States v. O'Bryant, 998 F.2d 21, 26 (1st Cir. 1993)). Given that the majority of the evidence against Rodas's co-defendants is also admissible against Rodas, the Court does not believe Rodas will

4

be prejudiced in a joint trial beyond what may be cured by jury instructions. Because it is apparent that severance is not appropriate in this case, there is similarly no need to empanel two juries.

In a separate motion pending before this Court, Defendant seeks to waive his right to a jury trial. However, the government has not consented to a bench trial, and therefore, under Rule 23(a) of the Federal Rules of Criminal Procedure,[1] Defendant must proceed to a jury trial.

For the reasons set forth above, the Court DENIES Defendant Carlos Roberto Rodas's motion to sever and motion for judge alone trial.

IT IS SO ORDERED.

/s/ W Smith
William E. Smith
United States District Judge
Date: 11/12/10

---

[1] Rule 23(a) of the Federal Rules of Criminal Procedure states:
> Jury Trial. If the defendant is entitled to a jury trial, the trial must be by jury unless:
> (1) the defendant waives a jury trial in writing;
> (2) the government consents; and
> (3) the court approves.

5