UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
    v.                             )   C.R. No. 08-141-WES
                                   )
ERVIN FIGUEROA                     )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on a Motion for Summary Acquittal for Want of Due Process and Multiple Constitutional Violations ("Motion," ECF No. 324) filed by Defendant Ervin Figueroa pursuant to Federal Rule of Civil Procedure 60(b)(3). For the following reasons, the Motion is DENIED.

I.  Background[1]

In 2008, Defendant Ervin Figueroa and five other individuals were arrested and subsequently indicted on a number of conspiracy, drug, firearms, and money laundering charges.  Several defendants pled guilty to the charges, but Figuera and two others elected a trial.  Following an eight-day jury trial, Figueroa was found guilty of sixteen counts of the Superceding Indictment.  He was

---

[1] The procedural history of the case is taken from this Court's docket, the Court of Appeals for the First Circuit's opinion (ECF No. 238) affirming the judgment on direct appeal, and the First Circuit's docket.

sentenced on June 2, 2011 to a term of imprisonment of 188 months as to all counts to run concurrently, followed by five years of supervised release. Judgment entered on June 14, 2011.

The First Circuit affirmed the judgment on January 30, 2013, and subsequently denied Figueroa's motion for rehearing and rehearing en banc. The appellate court's Mandate issued on March 5, 2013. On October 9, 2013, the Supreme Court denied Figueroa's petition for a writ of certiorari.

Figueroa subsequently filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. (See ECF No. 290.) The Court granted the motion and reduced Figueroa's term of imprisonment to 151 months. (See ECF No. 303.)

Figueroa filed the instant Motion on October 24, 2017.[2]

II. Discussion

Figueroa brings his Motion pursuant to Fed. R. Civ. P. 60(b)(3), alleging "after-the-fact" fraud on the Court. (Mot. at 1.) Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[2] The Motion is dated October 24, 2017, (Mot. at 18), and is deemed filed on that date, see Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on the date prisoner relinquishes control over documents).

2

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As noted above, the judgment in this case was entered on June 14, 2011. Accordingly, Figueroa had one year from that date to file a timely Rule 60(b)(3) motion. His Motion, filed on October 24, 2017, is therefore untimely. See Fed. R. Civ. P. 60(c)(1). For that reason alone, the Motion must be denied.

In addition, although he alleges "after-the-fact" fraud on the Court, Figueroa's Motion claims violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (Mot. at 1; see also id. at 5 ("This Honorable

3

Court is being asked to flush out civil rights and constitutional improprieties and to grant the ultimate relief of acquittal.").) Constitutional claims are properly brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255. See Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003) (per curiam). Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a); see also United States v. Addonizio, 442 U.S. 178, 185 (1979).

In Munoz, the First Circuit addressed the distinction between a Rule 60(b) motion and a motion to vacate under § 2255. See 331 F.3d at 152. The court, relying on an earlier case in which it dealt with the issue in the context of 28 U.S.C. § 2254, applied the same reasoning in a § 2255 situation. Id.

> We hold, therefore, that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. If, however, the factual predicate set forth in support

4

of the motion attacks only the manner in which the earlier habeas judgment has been procured[,] the motion may be adjudicated under the jurisprudence of Rule 60(b).

Id. at 152-53 (citing Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003) (alteration in original) (internal citations and quotation marks omitted).

Despite Figueroa's statement that the Motion is brought under Rule 60(b)(3) (Mot. at 1), the Court concludes that Figueroa's Motion is, in reality, a § 2255 petition. Figueroa is clearly challenging the constitutionality of his conviction.[3] See Munoz, 331 F.3d at 153 (rejecting characterization of motion as Rule 60(b) motion because defendant challenged constitutionality of his claims). It is the substance of the motion which controls. See Pierce v. Spencer, Civil Action No. 05-10292-RWZ, 2006 WL 2121912, at *1 (D. Mass. July 28, 2006)("[I]t is the substance of the petition, rather than its form, that governs."); see also Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008)("[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.").

---

[3] The title of the Motion is a clear indication of the nature of Figueroa's challenge. (See Mot. at 1 ("Motion for Summary Acquittal for Want of Due Process and Numerous Constitutional Violations").)

5

Figueroa never filed a § 2255 motion, so the Munoz court's reference to a second or successive petition is inapplicable here. Nonetheless, the court's main point is clear: a motion challenging the constitutionality of the underlying conviction must be brought under § 2255.[4]

Recognizing that Figueroa is proceeding pro se, and reading his Motion liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), Figueroa's Motion would still be untimely even if the Court construed it as a motion to vacate pursuant to § 2255. In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year statute of limitations for filing a § 2255 petition. 28 U.S.C. § 2255(f);[5] Trenkler, 536 F.3d

---

[4] Figueroa appears to recognize this fact, as he states that he is entitled to relief pursuant to both Rule 60(b)(3) and habeas corpus. (Mot. at 14.)

[5] Section 2255(f) provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has

at 96. Figueroa's conviction became final on October 9, 2013 when the Supreme Court denied further review. Thus, Figueroa had until October 9, 2014 to file a motion to vacate under § 2255, and such motion is now time-barred.

III. Conclusion

Based on the foregoing, Figueroa's Rule 60(b)(3) Motion is DENIED.[6]

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: December 14, 2018

---

       been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[6] Because the Court has found that the Motion should be dismissed on procedural grounds, it does not address the merits of Figueroa's claims. Although Figueroa may find this result harsh (See Mot. at 8("This is not and cannot be a procedural default or any type of technical waiver of argument.")), it "dovetails with Congress's intent" in passing "the stringent filters that channel consideration of habeas corpus claims under the AEDPA." Rodwell, 324 F.3d at 72.